IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISRAEL CRUZ-COLUNGA, | |
| | |
| Petitioner, | **8:26CV239** |
| | |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| MARKWAYNE MULLIN, in his official Capacity as Secretary of the Department Of Homeland Security; TODD BLANCHE, In his official capacity as United States Attorney General; DAREN MARGOLIN, In his official capacity as Director of Executive Office for Immigration Review; DAVID VENTRUELLA, in his official Capacity as Acting ICE Director Enforcement; ROB JEFFREYS, Director Of Nebraska Department of Correctional Services; and ALLEN GILL, In his official capacity as Omaha Field Office ERO Director; | |
| | |
| Respondents. | |

This matter is before the Court on Petitioner Israel Cruz-Colunga's petition for a writ of habeas corpus (Filing No. 1) and motion for an order to show cause (Filing No. 2). Cruz-Colunga, a noncitizen in removal proceedings, is detained by U.S. Immigrations and Customs Enforcement. He alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his petition and motion will both be denied.

**BACKGROUND**

Cruz-Colunga is a Mexican national and citizen. (Filing No. 1 at 1). Before the events giving rise to this case, he had lived in the United States since 2000 without being "encountered

by [i]mmigration officials." (Filing No. 1 at 3-4). He has, however, two "minor criminal convictions from 2010 and 2012." (Filing No. 1 at 4).

In March 2026, U.S. Immigration and Customs Enforcement (ICE) came across Cruz-Colunga during a traffic stop. (Filing No. 1 at 4). Presumably upon learning his noncitizen status, ICE detained him and initiated removal proceedings. (Filing No. 1 at 4). ICE transferred Cruz-Colunga to the McCook Detention Center, where he remains. (Filing No. 1 at 4).

Cruz-Colunga sought release on bond during the pendency of his removal proceedings. (Filing No. 1 at 4). An immigration judge denied that request, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) and *Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026). (Filing No. 1-1).

In response, Cruz-Colunga seeks a writ of habeas corpus from this Court. He alleges his detention without a bond hearing is unlawful on statutory and constitutional grounds. (Filing No. 1 at 10-11). Cruz-Colunga seeks an "order requiring Respondents to provide [him] with a bond hearing within seven days or in the alternative, order that [he] be released from custody." (Filing No. 1 at 2, 12).

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Cruz-Colunga bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Cruz-

Colunga's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

Cruz-Colunga's petition raises two questions: whether he is entitled to a bond hearing on either statutory or constitutional grounds. As in previous cases raising these issues post-*Avila*, the Court answers both in the negative. *See Aleman Duenas v. Blanche et al.,* 2026 WL 1261633 (D. Neb. May 8, 2026); *Gonzalez-Martinez, v. Blanche et al.*, 2026 WL 1045701 (D. Neb. Apr. 17, 2026); *Boubacar v. Blanche et al.,* 2026 WL 972708 (D. Neb. Apr. 10, 2026).

The Eighth Circuit's decision in *Avila* forecloses Cruz-Colunga's statutory argument. That case "concern[ed] the scope of the Government's power to detain aliens under 8 U.S.C. § 1225." *Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026). Section 1225(a)(1) specifies that the statute applies to an alien who is an "applicant for admission." By definition, "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila,* 170 F.4th at 1133 (citing 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

A different part of the statute "describes the Government's power to detain" applicants for admission. *Id.* "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for [removal proceedings]." § 1225(b)(2)(A) (emphases added). Unlike "applicant for admission," the phrase "seeking admission" is left undefined in the statute. *See id.* "Thus, taking § 1225(a)(1) and (b)(2)(A) together, the central inquiry is whether an alien who is an "applicant for admission" is also "seeking admission" under § 1225(b)(2)(A)." *Avila,* 170 F.4th at 1133. If they are, "then, generally, any 'alien present in the United States who has not been admitted'"—like Cruz-Colunga here—"shall be detained." *Id.* (quoting § 1225(a)(1), (b)(2)(A)).

The Eighth Circuit held that the terms are equivalent. It "agree[d] with the Fifth Circuit that the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026)). So while

3

a noncitizen remains an "applicant for admission" so long as they are "present in the United States [and] has not been admitted," they are also "presently seeking admission" during this time, regardless of whether they take "any further affirmative steps to gain admittance." *Id.*

*Avila* settles the issue of whether § 1225 applies to Cruz-Colunga. It does. His petition, though factually sparse, shows he is an "applicant for admission" as that term is defined by statute: "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). When ICE encountered him during the traffic stop, he was an "alien present in the United States." *Id.;* (Filing No. 1 at 6, 7). And he "ha[d] not been admitted" because there is no suggestion he "lawful[ly] ent[ered] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). As an applicant for admission, binding Eighth Circuit precedent requires that Cruz-Colunga be detained under § 1225(b)(2). *Avila,* 170 F.4th at 1134-35. Thus, the statutory argument he raises in his petition fails.

Cruz-Colunga's procedural due process claims fare no better. There is no question the Fifth Amendment entitles him to due process of law in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S. Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim,* 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland,* 115 F.4th 928, 931 (8th Cir. 2024). And as an "applicant for admission," Cruz-Colunga "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 105 (2020).

Summed up, Cruz-Colunga has no statutory right to a bond hearing given § 1225(b)(2)'s application to him. He "shall be detained" under § 1225(b)(2) and is not entitled to a bond hearing as a matter of procedural due process, either. *See Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) (characterizing § 1225(b)(2) as "mandat[ing] detention of applicants for admission until certain proceedings have concluded.").

In response, Cruz-Colunga invokes the three-part test from *Mathews v. Eldridge*, 424 U.S. 319 (1976) (Filing No. 1 at 11), but as the Court has previously explained, Eighth Circuit precedent precludes that argument. It is true that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and "have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Cruz-Colunga] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). *Mathews* is therefore of no help to Cruz-Colunga.

Finally, Cruz-Colunga's substantive due process claim also fails. Because he has not received a bond hearing, he argues, the government "is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive." (Filing No. 1 at 11). At the outset, the Court notes that substantive and procedural due process are not exclusive concepts— "their protections often overlap." *Albright v. Oliver*, 510 U.S. 266, 301 (1994) (Stevens, J., dissenting). Cases like *Banyee* therefore "draw no explicit distinction between substantive and procedural due process." *Romero v. Brown*, 2026 WL 1021455, at *6 (S.D. Iowa Apr. 15, 2026). Thus, Cruz-Colunga's substantive due process claim fails for many of the reasons the Court outlined above—i.e., removal proceedings are pending and "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Banyee,* 115 F.4th at 931 (citation modified) (quoting *Demore*, 538 U.S. at 526).

Cruz-Colunga's substantive due process claim is also deficient for other, independent reasons. To determine whether an asserted right or liberty is "fundamental" and thus warrants protection as a substantive-due-process right under the Fifth Amendment, the Court (1) "insists on a 'careful description of the asserted fundamental liberty interest,'" and (2) "stresses that 'the Due

Process Clause specially protects' only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Munoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)). For Cruz-Colunga, that is a "heavy lift[.]" *Leiva v. Berg*, 2026 WL 948430, at *5 (D. Neb. Apr. 8, 2026); *see Munoz*, 602 U.S. at 911 ("[I]t would be remarkable to put the Government to the most demanding test in constitutional law in the field of immigration, an area unsuited to rigorous judicial oversight."). Cruz-Colunga cannot clear either hurdle.

*First*, he failed to "careful[ly] descr[ibe]" his asserted fundamental liberty interest. *Munoz*, 602 U.S. at 910. It is unclear what his asserted fundamental liberty interest is—his claim seems to be premised on the lack of a bond hearing under § 1226. But "[a]t bottom, that is a claim to a right of release into the country, without lawful admission, while removal proceedings are pending." *Romero*, 2026 WL 1021455, at *7. There is no such constitutional right. *See, e.g., Leiva*, 2026 WL 1021455, at *5; *Bushuev v. Immigr. & Customs Enf't - Enf't & Removal Operations*, 2026 WL 352873, at *3 (E.D. Mo. Feb. 9, 2026). *Second,* Cruz-Colunga makes no argument that his purported fundamental right—whatever it may be—is "deeply rooted in this Nation's history and tradition." *Munoz*, 602 U.S. at 911 (quoting *Glucksberg*, 521 U.S. at 721). His substantive due process claim therefore fails.

In sum, *Avila* forecloses Cruz-Colunga's statutory arguments. While *Avila* does not foreclose his procedural due process claim, other Supreme Court and Eighth Circuit precedent does. Thus, Cruz-Colunga is not entitled to habeas relief. Accordingly,

**IT IS ORDERED:**

1. Petitioner Israel Cruz-Colunga's petition for a writ of habeas corpus (Filing No. 1) is denied.

2. Petitioner Israel Cruz-Colunga's motion for an order to show cause (Filing No. 2) is denied.

3. A separate judgment will be entered.

Dated this 27th day of May, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge